OPINION — AG — ** DUAL OFFICE HOLDING — COUNTY HEALTH OFFICER — CITY COUNCILMAN ** QUESTION(1): IS THE POSITION OF ACTING HARMON COUNTY HEALTH OFFICER, CLASSIFIED AS AN OFFICE UNDER THE LAWS OF THIS STATE (ARTICLE II, SECTION12 OKLAHOMA CONSTITUTION); GIBSON V. CROWDER, 198 OKL. 196; TO WHERE SAID ACTING COUNTY HEALTH OFFICER COULD NOT; AS HE HAS DONE; BE ELECTED, QUALIFY AND ENTER UPON THE DUTIES OF CITY COUNCILMAN ALSO, HAVING TO GIVE UP OF SAID OFFICE ?, QUESTION(2) UNDER THE FACTS CAN THE HARMON BOARD OF COUNTY COMMISSIONERS LEGALLY PAY THE SAID ACTING COUNTY HEALTH OFFICER HIS $25.00 MONTHLY SALARY FOR SERVICES RENDERED THIS PREVIOUS MONTH COME 1ST MONTH, JUNE 7, 1948 ? — SINCE IT IS NOT CLEAR, BUT IS DOUBTFUL, THAT A PERSON WHO HAS VACATED AND SURRENDERED AN OFFICE UNDER THE LAWS OF THIS STATE, BY ACCEPTING AND QUALIFYING FOR A SECOND OFFICE UNDER THE LAWS OF THIS STATE AFTER BEING DULY ELECTED OR APPOINTED TO SUCH SECOND OFFICE, IS ENTITLED TO COMPENSATION FOR PERFORMING THE DUTIES OF THE OFFICE SO VACATED AND SURRENDERED BY HIM, EVEN THOUGH THERE BE NO DE JURE CLAIMANT, IT IS THE OPINION OF THE A.G. THAT, UNDER SUCH CIRCUMSTANCES, A BOARD OF COUNTY COMMISSIONERS SHOULD 'NOT' ALLOW, OR AUTHORIZE THE PAYMENT OF A CLAIM FOR COMPENSATION FOR SERVICES AS THE COUNTY SUPERINTENDENT OF PUBLIC HEALTH RENDERED AFTER THE CLAIMANT HAS BEEN DULY ELECTED, OR APPOINTED, AND QUALIFIED, AS A MEMBER OF A CITY COUNCIL OF A CITY IN THE STATE OF OKLAHOMA. (FEDERAL EMPLOYEE, COUNTY OFFICER, VACATED FIRST OFFICE) SEE: GIBSON V. CROWDER, DEALS WITH: A CITY TREASURER ACCEPTED AN APPOINTMENT OR ELECTED AS A MEMBER OF A SCHOOL BOARD. CITE: 51 O.S. 6 [51-6], 63 O.S. 8 [63-8] (CITY COUNCILMAN, CITY COUNCIL) (JAMES C. HARKIN)